IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PENCIL GRIP, INC., <br><br> Plaintiff, <br><br> ~ against ~ <br><br> THE PARTNERSHIPS *and* UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants, | Case No.: `1:24-cv-4785` <br><br> **Judge:** The Honorable John F. Kness |

### SHORT SUPPLEMENTAL STATEMENT

As requested by the Honorable Court in today's Minute Entry (ECF 63), the Defendant SaraFire-US[1] respectfully submits this short supplemental statement.

In their Status Report (ECF 62), the Plaintiff reported hearsay that "The Clerk of the Court viewed the document and informed Plaintiff's counsel that the bond was issued over a year ago."

Respectfully, the Undersigned has no idea what that second-hand report may mean. Just to review some possibilities: the Clerk of the Court may have misunderstood what the "expiration of the bond" means or may have mis-reported that information to Counsel. Even if reported accurately, the "expiration" may refer to the Plaintiff's obligation to pay additional fees to the Surety Company on an annual basis. That is an internal issue between the Plaintiff and the Surety Company that has nothing to do with the validity of the Bond or the Defendant's Motion.

---

[1] The Defendant is a Chinese company with a name in Mandarin. The Defendant has variously been identified on the Docket as SaraFire-US (the name of its Amazon storefront) and FireSara-US (misentry of its Amazon name), but in any event, it's a single Defendant.

And if the Surety Bond includes a *bona fide* "expiration" date, then that would raise more questions than it answers. The TRO/PI issued in this case required a cash deposit (or cash-equivalent surety bond) to secure the interests of the enjoined Defendants while the *ex parte* TRO was litigated. If it is the case that the Plaintiff failed to comply with the terms of the TRO/PI (for example, by docketing a conditional bond, a time-limited bond, or a surety bond that otherwise failed to comply with Rule 65 and this Court's Order) then the entire jenga tower of this lawsuit must collapse. If the surety bond had an expiration clause and therefore invalid, then this whole lawsuit would need to be reviewed. Because if that is the case, then the TRO/PI was obtained and maintained improperly against all Defendant Parties.

For these reasons, the Defendant respectfully submits that the hearsay report of the Clerk's claim that the Bond – as the Clerk understood it – has "expired" does not impact this Motion. Instead, the Parties would first need to review the Bond itself to confirm the "expiration". And if it did "expire", then the Defendant would respectfully move for leave to supplement the record with the bond as *further evidence* that the injunction was improperly imposed and the Defendant's entitlement to damages.

DATED: **JULY 21, 2025**

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to all counsel of record.